UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Crim. No. 24-10378-JEK |
| v. | ) | |
| | ) | |
| CHRISTNEL ORISCA, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through the undersigned Assistant U.S. Attorney, requests that the Court sentence defendant, Christnel Orisca (hereinafter, "defendant" or "Orisca") at the low end of the Guidelines sentencing range (4 months), 24 months of supervised release, restitution, and forfeiture (*see* Gov't Mot. for Forfeiture, Dkt. No. 41), as per the terms of the Plea Agreement between the parties (Dkt. No. 30).

I.       Advisory Sentencing Guidelines

The government's position with respect to the Sentencing Guidelines, which is set forth on page 2 of the Plea Agreement, is that the defendant's total "offense level" under the Guidelines is 9:

(i)     in accordance with USSG § 2B1.1(a)(1), defendant's base offense level is 7, because the offense of conviction has a statutory maximum term of imprisonment of 20 years or more;

(ii)    in accordance with USSG § 2B1.1(b)(1)(D), defendant's offense level is increased by 6 levels, because the loss amount is more than $40,000 but less than $85,000;

(iii)   in accordance with USSG § 3E1.1, defendant's offense level decreased by 2 levels because the defendant has accepted responsibility for defendant's crime; and

(iv)    in accordance with USSG § 4C1.1, defendant's base level is decreased by 2 levels because the defendant meets the criteria for a zero-point offender.

1

Accordingly, the total offense level is 9. Mr. Orisca's criminal history category is I, which results in a GSR of 4 to 10 months' imprisonment. Presentence Investigation Report ("PSR") at ¶ 91.

II.     Factual Background

"Based on statistical sampling and imputation techniques, GAO estimates that the amount of fraud in unemployment insurance (UI) programs during the COVID-19 pandemic was likely between $100 billion and $135 billion." (U.S. Gov't Accountability Office, GAO-23-106696, Sept. 12, 2023.) To be sure, Mr. Orisca's theft of pandemic unemployment funds and pandemic-related economic recovery loans could be characterized as a drop in the proverbial bucket. But the sheer ubiquity of pandemic unemployment fraud (GAO estimates approximately 1 in every 10 claims were fraudulent, *see id.*) explains how the fraud numbers reached such astronomical figures in the first place. Every fraudster that stole during the pandemic played their part, including the defendant.

Indeed, even in Mr. Orisca's case (theft of approximately $54,700) it required the defendant's dedication to that role. For the periods of May 2020 to October 2020 and January 2021 to September 2021, Mr. Orisca filed false unemployment benefit forms, making false certifications to the Department of Unemployment Assistance, week after week after week. PSR ¶¶ 21-26. And despite collecting this pandemic aid while gainfully employed, Mr. Orisca doubled down on committing fraud by submitting all the paperwork necessary to complete a false PPP loan to collect another $20,000 in pandemic aid. PSR ¶¶ 27-33.

2

Consistent with the fraud loss numbers, pandemic thieves have included defendants from all walks of life. In this courthouse, defendants have included a former state senator (*U.S. v. Dean Tran*, 23-cr-10299), a sober-home operator (*U.S. v. Daniel Cleggett*, 23-cr-10138), and a community activist (*U.S. v. Monica Cannon-Grant*, 22-cr-10057), among the approximately dozens of other defendants federally charged with committing pandemic fraud in the District.

Yet, still, Mr. Orisca remains an unusual candidate among these convicted fraudsters. The defendant overcame challenges from an early age, learning to live without his parents from the age of 12 after his parents emigrated to the U.S. from Haiti and left Mr. Orisca behind with his older siblings for a few years. PSR ¶ 59. Upon arriving in America in October 2014, Mr. Orisca had to learn a new language, a new culture, and how to navigate getting an education, all while consistently working at a young age. *See* PSR ¶ 60. Records from Mr. Orisca's prior employment at the Security Company showed that, from approximately September 2015 to 2018, Mr. Orisca worked as an hourly employee at a combination of jobs, including at Star Market as a cashier, at Boston College as a cafeteria server, at Fenway Park as a concession worker, and at a restaurant in Watertown, working as a busser.

And while it is disappointing that Mr. Orisca began committing fraud so soon after becoming an American citizen (January 2020, PSR ¶ 59), the defendant's age when committing the instant crimes also cannot be ignored. The defendant was approximately 20 to 21 years of age when he submitted fraudulent documents to the Department of Unemployment Assistance and the SBA. The PPP loan fraud was accomplished in no small part with Mr. Orisca's older brother's apparent influence and direction. PSR ¶ 27-32. And instead of positive role models to steer Mr. Orisca away from this criminal conduct, another family member participated in the PPP loan fraud

3

as well. *Id.* Even with the setback of this criminal case, however, it is encouraging to see that the defendant has gone back to doing what he has always been doing – being gainfully employed. PSR ¶ 78.

III.    18 U.S.C. § 3553 Factors

The defendant's admission of his conduct has already resulted in the loss of his job and the premature termination of his budding career in law enforcement.

Although Mr. Orisca committed a serious offense, since being contacted by the federal justice system, he has admitted his conduct and he has accepted responsibility for his conduct. Under these circumstances, and given Mr. Orisca's own personal history and characteristics, specific deterrence will be served by a sentence at the low end of the Guidelines. General deterrence will also be served by this sentence, given the permanence of a federal conviction.

The government believes that a sentence at the low end of the Guidelines, supervised release, and restitution and forfeiture as per the Plea Agreement is thus sufficient but not greater than necessary to acknowledge the seriousness of the offense, justly punish the defendant, protect the public, and promote respect for the law. Accordingly, the government respectfully requests that the Court impose at the low end of the Guidelines sentencing range (4 months), 24 months of supervised release, restitution, and forfeiture, as per the terms of the Plea Agreement.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    */s/ Dustin Chao*
       DUSTIN CHAO
       Assistant U.S. Attorney

4

## <u>CERTIFICATE OF SERVICE</u>

I, Dustin Chao, certify that I caused a copy of this memorandum to be served electronically via ECF on defense counsel and by e-mail to U.S. Probation.

*/s/ Dustin Chao*
DUSTIN CHAO
Assistant U.S. Attorney

Date:   March 4, 2026

5